IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES WAYNE THARPE                                             PLAINTIFF

v.                                               CIVIL NO. 1:20cv145-HSO-JCG

WARDEN BOBBY FAIRLEY, TERRY
ROGERS, and VICKI MIZELLE                                       DEFENDANTS

### ORDER OF DISMISSAL

This matter is before the Court sua sponte. Pro se Plaintiff Charles Wayne Tharpe ("Tharpe") is incarcerated with the Mississippi Department of Corrections, and he brings this Complaint pursuant to 42 U.S.C. § 1983 challenging the conditions of his confinement. After review of the record and relevant legal authority, the Court finds that this case should be dismissed.

I. BACKGROUND

Tharpe is currently housed at the George County Regional Correctional Facility, where Defendants Warden Bobby Fairley, legal assistant Terry Rogers, and postal inspector Vicki Mizelle are employed. Compl. [1] at 1-2. Tharpe complains about how Defendants handled his legal mail.

Specifically, Tharpe claims that he has a pending appeal with the Mississippi Supreme Court. *Id.* at 4-5. Allegedly, the court mailed Tharpe a compact disc containing the electronic record from his case on October 23, 2019. *Id.* at 5-6. Plaintiff asserts that Defendants conspired to keep the disc from him until January

1

23, 2020, *id.* at 4-5, and, when Tharpe received it, the package had already been opened.  *Id.* at 5.  Tharpe alleges that he was forced to file his appellate brief without benefit of the record, Pl.'s Resp. [7] at 3, and that this was "more stressful and more time consuming and could possibly prejudice [his] appeal," *id.*

Tharpe initiated this civil action under 42 U.S.C. § 1983, seeking damages and claiming a denial of access to courts for opening his legal mail outside of his presence.  *Id.* at 1; Compl. [1] at 4.  Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Order Setting Payment Schedule [5] at 1.

## II.  DISCUSSION

A.   The Prison Litigation Reform Act

The Prison Litigation Reform Act of 1996 ("PLRA"), 28 U.S.C. § 1915, applies to prisoners proceeding *in forma pauperis* in this Court.  28 U.S.C. § 1915(h).  The PLRA provides in part that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  This framework "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (quotation omitted).

In an action proceeding under § 1915, courts may "evaluate the merit of the

claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the inmate "has already pleaded his 'best case'" and his "insufficient factual allegations [cannot] be remedied by more specific pleading," the Court may dismiss the action sua sponte. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (quoting *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)). Because the Court has permitted Tharpe to proceed *in forma pauperis*, this case is subject to the provisions allowing for sua sponte dismissal under § 1915.

Tharpe sues Defendants under § 1983, claiming denial of access to courts. Tharpe also complains that his mail was opened outside of his presence, but it is not clear who is charged with this conduct.

B.      Denial of access to courts

Tharpe's first claim is that all Defendants conspired to keep his appeal record from him, which denied him access to the courts during his appeal.

To pursue a denial of access claim, Tharpe must allege that Defendants "hindered his efforts to pursue a legal claim" that is "nonfrivolous." *Lewis v. Casey*, 518 U.S. 343, 351, 352 (1996). There are two types of denial of access claims, a forward-looking claim and a backward-looking claim. *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002). A forward-looking access claim is one where the "litigating opportunity yet to be gained" is being blocked by a defendant. *Id.* at 414. In other words, some "official action frustrates a plaintiff . . . in preparing or

3

filing suits at the present time." *Id*. at 413.  "The object . . . is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Id*.

A backward-looking claim is about "an opportunity already lost." *Id*. at 414-15.  It looks "backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." *Id*. at 414.  For a "backward-looking access claim," Tharpe must prove (1) an underlying cause of action, (2) the litigation of which was frustrated by official acts, (3) which resulted in a lost remedy.  *Id*. at 415-16.  As for the third element, Tharpe

> must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought.  There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.

*Id*. at 415.  For example, the official action "may allegedly have caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief." *Id*. at 414.

Tharpe does not satisfy either type of claim.  First, Tharpe alleges that the frustrating condition, i.e., the withholding of the record, has been removed.  Compl. [1] at 5.  Second, Tharpe admits that his appeal is still pending.  *Id*. at 4.  Tharpe now has the appeal record and has not shown why he cannot supplement his appeal brief or include any additional information in a reply brief.  In fact, Tharpe does not claim that his original brief would have been any different had he obtained the

4

record in a timely manner. Tharpe simply alleges that the writing process would have been less stressful and shorter and cites to the mere possibility of unspecified prejudice to his appeal. Pl.'s Resp. [7] at 3. Because Tharpe has not demonstrated that his appeal has been prejudiced in any way, this claim is frivolous.

C.   Opened legal mail

This leaves Tharpe's claim that he has a "constitutional right to have [his] legal mail opened in [his] presence," a right which he maintains was violated when someone opened the envelope containing his record outside of his presence. Compl. [1] at 5.

A prisoner has a limited First Amendment right against the "unjustified governmental interference with communication," which includes the censorship of his mail. *Brewer v. Wilkinson*, 3 F.3d 816, 820-21 (5th Cir. 1993). This interference may be condoned if it is "reasonably related to a legitimate penological interest." *Turner v. Safley*, 482 U.S. 78, 89 (1987). However, "freedom from censorship is not equivalent to freedom from inspection or perusal." *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974). The Fifth Circuit has held that the violation of a prison regulation that requires a prisoner to be present when his incoming legal mail is inspected does not rise to the level of a violation of a prisoner's constitutional rights. *Brewer*, 3 F.3d at 825 (holding no First Amendment violation for inspecting prisoner's legal mail in his absence even though it violated prison rules).

Because Plaintiff has no such constitutional right, this claim is also frivolous.

### III.     CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE** as frivolous.   A separate final judgment shall issue pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 14th day of August, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE